[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON HABEAS CORPUS RE: ANGELINA GONCALVES
This matter came before the court on a writ of habeas corpus brought by the plaintiff mother to obtain orders from the court with respect to the welfare of the child Angelina.
Pending the hearing on this matter, the defendant has also obtained physical custody of a second child, Joaquim Silva-Goncalves. However, Joaquim is now in his mother's physical custody and should remain there. Apparently, his custody was obtained by the defendant as a result of a misunderstanding of a conversation he had with the plaintiff.
The plaintiff in this matter is the mother of the child in question and is a native of Scotland. She has been in this country since 1976 and is 22 years old. She has had training as a nurses' aid but is presently unemployed and receiving AFDC for one of her three children, to wit: Miguel.
Ms Silva is married to Fernando Ribeiro as of April 14, 1990 but separated from him in November of 1990.
Mr. Goncalves, age 29, is a native of Fogo, Cape Verde Islands and has lived in this country and in Bridgeport since CT Page 2394 September of 1982. He is a graduate of Central High School and is presently employed by Pathmark Groceries where he says he earns $35,000.00 a year. He owns his own home at 454 Wells Street. He presently has an order of temporary custody granted by the probate court ex parte of his child Angelina Goncalves who was born on February 25, 1992. The order of temporary custody was issued on January 7, 1993. While there was a hearing thereafter, there has been no decision on the matter and there appears to have been none of the appropriate requirements met for the issuance of such an order.
The situation before the court arose when the defendant had difficulty in visiting his children who were living with their mother, the plaintiff therein. He obtained an ex parte order from the probate court for the temporary custody of Angelina Goncalves on January 7, 1993, the child at that time being less than a year old.
The parties have had a stormy relationship for about four years with the mother leaving the premises on at least two occasions to go to a shelter. The last time she left was in December of 1992, and since the shelter is not supposed to be known in the community, the defendant was unable to locate either the mother or the child. Consequently, he then brought the petition to the probate court for an ex parte order of temporary custody and obtained it. That order was served by three policemen with the defendant and the child taken from the mother's custody without any service on the mother of any order of the court. She was simply shown it but not served it.
The child has been living with the defendant since the date of the order, and the mother has had great difficulty in trying to visit the child even though the probate court had ordered that she be given that opportunity with the help of the defendant's mother. That help has not been forthcoming and the defendant has apparently made no attempt to facilitate the visiting by the mother so the mother had not seen Angelina until the day of this hearing.
Both parties, according to the DCYS study prepared for the probate court after the order had been issued, have adequate living quarters for the children, and both parties, the study indicates, are suitable parents and fully capable of caring for the children. CT Page 2395
It does appear that the plaintiff was regular in keeping appointments for Angelina at Park City Hospital until August of 1992. She had missed only two appointments up until that time. Thereafter, Angelina was not seen until the defendant took her after having obtained custody. However, in December, the plaintiff went into the shelter where the child was cared for by the staff in charge of the shelter. See exhibit C.
While the plaintiff was only in the shelter for five days, it does appear that visitation was not made available to the plaintiff thereafter.
Neither party is monogamous. Both parties have been married and separated from other partners. Each of them has had a child or children by other parents. Plaintiff has a child, Miguel, by a Mr. Ribeiro, and the defendant has either one or two children by prior partners.
The plaintiff is living on Madison Avenue in a third floor apartment with two bedrooms which appear to be, according to the DCYS study, more than adequate for the three children she has.
Under all the circumstances, it appears to the court that there was no reason for taking custody from the plaintiff, i.e., no medical emergency, no indication of neglect or abuse, and she should immediately be restored with the physical custody of Angelina. Since both parties are loving, caring parents and have a good relationship with both children, it appears to the court that they should have joint legal custody of both children and physical custody should be with the plaintiff. However, that physical custody may only be maintained if adequate visitation is provided for the defendant. To that end, the court will make the following orders:
1. The order of temporary custody is declared to be invalid as having been improperly issued.
2. The parties shall have joint custody of the children Angelina and Joaquim with their primary residence to be with the plaintiff.
3. The defendant shall have visitation of both children two days a week, on the days to be selected by him on each CT Page 2396 Saturday morning by 10:00 a.m. and notice thereof given to the plaintiff at that time. He shall also have the right to visit every other weekend from 9:00 a.m. Saturday until 6:00 p.m. on Sunday.
4. All exchanges of custody for visitation shall be at the Bridgeport Police Department. The plaintiff shall bring the children there for the visitation and the defendant shall leave them there when the visitation ends.
5. Unless the defendant provides the plaintiff with support for the two children in the amount set forth by the guidelines, the plaintiff should apply for AFDC for the two children.
6. The defendant shall provide the plaintiff with medical cards for both children indicating that they are covered by his insurance so that she may use them in taking the children to the hospital or the clinic.
7. The plaintiff is urged to take the children to the hospital or clinic for regularly scheduled appointments to avoid being charged with neglect or to afford the defendant with reasons for seeking sole custody of the children.
8. The defendant's first visitation shall begin next week following his notice to the plaintiff on Saturday at 10:00 a.m. of the day or days in which he seeks to exercise his right of visitation.
It is so ordered.
MARGARET C. DRISCOLL, JUDGE REFEREE